UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Mansfield Heliflight, Inc.,

    Plaintiff,

    v.                                                Civil Action No. 2:12-CV-46

Heli-One Canada Inc., and
Heli-One (Norway) SA.,

    Defendants.

## OPINION AND ORDER
(Doc. 23)

Presently before the Court is Defendant Heli-One Canada Inc.'s motion to reconsider this Court's decision denying its motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. (Doc. 23.) For the reasons stated below, the motion for reconsideration is DENIED.

## Factual and Procedural Background

The averments in the Amended Complaint are set out in detail in the Order the Defendant now asks this Court to reconsider (Doc. 22), but they are re-stated briefly here. After a lengthy negotiation, Mansfield Heliflight, Inc. ("Mansfield") allegedly formed a contract for the sale of helicopter engines and parts with a company it referred to as "Heli-One." As it turns out, "Heli-One" is, in fact, multiple companies, including (as relevant here) a Norwegian subsidiary (Heli-One (Norway) SA) and a Canadian subsidiary (Heli-One Canada Inc.). At various times, both during and after the alleged

date of contract formation, Mansfield treated the company as one integrated whole, negotiating and e-mailing with individuals from both subsidiaries. Heli-One too represented itself as one integrated operation, both in its public pronouncements (i.e., statements on its website and press releases) and in the direct conversations and negotiations with Mansfield.

Although the helicopter parts and engines were delivered to the Heli-One Norway office, Mansfield was never paid. After some period of subsequent negotiation over payment, Mansfield filed its Amended Complaint on April 20, 2012, alleging various breach of contract, quasi-contract, and tort claims against both Heli-One Canada and Heli-One Norway.[1]  (Doc. 7.)

Defendant Heli-One Canada filed the motion to dismiss for lack of personal jurisdiction on May 30, 2012. (Doc. 9.) In essence, Heli-One Canada argued that it had nothing to do with the formation of the contract, as it is a distinct legal entity from Heli-One Norway, and thus this Court could not acquire personal jurisdiction over it as it had never "purposefully established minimum contacts within" Vermont. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). This Court disagreed. In a September 28, 2012 Order (Doc. 22), this Court denied Defendant's motion, reasoning that, due to the interconnectedness between Heli-One Canada and Heli-One Norway, the actions of the Norwegian subsidiary could be attributed to its Canadian counterpart. Because the

---

[1] Specifically, Mansfield alleged breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, fraud, negligent misrepresentation, and conversion. (Doc. 7 at 11-17.)

formation of a contract with a Vermont company establishes sufficient minimum contacts to support an assertion of personal jurisdiction, the motion to dismiss was denied.

Heli-One Canada now moves for reconsideration, arguing that this Court's Order with respect to personal jurisdiction was in error. (Doc. 23.) Mansfield filed a response to the instant motion (Doc. 26), to which Heli-One Canada filed a reply (Doc. 29).

## Discussion

### I. Legal Standard

Although a "motion for reconsideration" is not technically described in the Federal Rules of Civil Procedure, such motions are generally treated as Rule 59(e) motions to alter or amend the judgment if filed within the 28-day deadline provided by that rule. *See Chet's Shoes, Inc. v. Kastner*, 710 F. Supp. 2d 436, 454 (D. Vt. 2010). Here, judgment was entered on September 28, 2012 (Doc. 22), and Heli-One Canada moved to reconsider on October 2, 2012 (Doc. 23). Accordingly this motion is regarded as a Rule 59(e) motion to alter or amend a judgment.

Under Rule 59(e), reconsideration "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Latouche v. North Country Union High School Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (internal quotation omitted). But "[t]he motion should not be granted …

where the moving party seeks to relitigate issues already considered thoroughly by the court." *Chet's Shoes, Inc.*, 710 F. Supp. 2d at 454.  Mere disagreement with a prior order should be resolved "in the normal appellate process." *Id*. (internal quotations omitted).

## II.     Motion for Reconsideration

Heli-One Canada makes one argument for reconsideration: there was no contract. According to Heli-One Canada, this Court erred in concluding that a contract was formed on May 9, 2011.  From this factual oversight, all of the Court's legal errors flow, as the alleged contract formed the basis of this Court's decision regarding personal jurisdiction.

In making this argument, Heli-One Canada confuses the merits of the dispute, which are far from resolved, with the current stage of the litigation.  In ruling on Defendant's motion to dismiss for lack of personal jurisdiction, "all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).  According to Mansfield's Amended Complaint, on May 9, 2011 "Heli-One responded to Mansfield with an offer to purchase the Engines and the Super Puma Parts for $1,564,000.00." (Doc. 7 at 4.)  Mansfield alleges that it accepted the offer and gave consideration for the offer by shipping the engines. (*Id*. at

12.)  This agreement having been reached, and an invoice drafted the next day,[2] the parties continued to haggle over price and payment.  This subsequent process included numerous discussions with employees of Heli-One Canada, including that company's chief procurement officer, who was identified as the "final decision maker."  (*Id*. at 5.)  At no point during these discussions did the employees of Heli-One Canada point out to Mansfield the distinction between the two subsidiaries, nor did they even identify themselves as employees of anything other than "Heli-One."[3]  Furthermore, as stated in the original Order, Mansfield has alleged claims beyond breach of contract.  (Doc. 22 at 17 n.10.)  As a result, the date of contract formation does not definitively decide the extent of Heli-One Canada's involvement in Mansfield's claims against it.  In short, Heli-One Canada has pointed to no new law or old fact that requires reconsideration of the underlying Order.  This Court re-affirms its previous Order denying Heli-One Canada's motion to dismiss for lack of personal jurisdiction.

That said, Mansfield's arguments in response to the motion for reconsideration are equally amiss.  In its response, Mansfield states that "[t]he Court has credited Plaintiff's allegations" that a contract was formed (Doc. 26 at 2), and that Heli-One Canada seeks to

---

[2]  In its response, Heli-One Canada provides e-mails indicating that the invoice, dated May 10, 2011, was not sent until October 2011.  Setting aside the fact that this Court's Order said nothing about when the invoice was actually sent, these e-mails cannot be considered in deciding this motion for reconsideration.  *See Chet's Shoe, Inc.*, 710 F. Supp. 2d at 454-55 ("In a Rule 59(e) motion for reconsideration, parties may present newly discovered evidence, if it was unavailable at the time the court made its original decision.  Yet a motion to alter the judgment may not be based on evidence that was available when the district judge took the motion … under advisement but that was not presented then." (internal citations and quotations omitted)).

[3]  While Heli-One Canada maintains that none of its employees were involved in the pre-May 9, 2011 discussions, this Court has already concluded that the actions of Heli-One Norway, due to the interconnectedness of the two companies, can be attributed to Heli-One Canada for jurisdictional purposes.  So, in light of that prior ruling, this is a distinction without a meaningful difference.

"relitigate issues that have already been decided" (*id*. at 1).  To the contrary, on the merits, precisely nothing has been decided.  And this Court has not "credited" anything.  Far from it—no credibility assessments have taken place whatsoever.  The Court is constrained by the legal standard applicable to a motion to dismiss to read all pleadings in Mansfield's favor.  *See Hoffritz for Cutlery, Inc.*, 763 F.2d at 57.  In doing so, Mansfield's assertions have been accepted in the light most favorable to it, but only for the limited purpose of deciding the motion to dismiss.  This ruling has no bearing on the ultimate merit of Plaintiff's claims; and Plaintiff still bears the burden of proving its allegations.

## Conclusion

For the reasons stated above, Defendant Heli-One Canada's Motion for Reconsideration (Doc. 23) is DENIED.

Dated at Burlington, in the District of Vermont, this 13th day of November, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

6